UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.1:19-cv-24821-WILLIAMS/LOUIS

MARINE DEPOT INTERNATIONAL, INC.,

        Plaintiff,

vs.

JAMES RIVER GROUP, INC.,

        Defendant.
_____/

**DISCOVERY ORDER**

This matter is before the Court upon Plaintiff Marine Depot International, Inc.'s Discovery Motion (ECF No. 118). A hearing was conducted on this Motion on October 13, 2020, and the noticed disputes were disposed of in open court. This Order memorializes but does not modify the rulings made in open court.

As an initial matter, Plaintiff raised Defendant James River Group Inc.'s lack of production in response to Plaintiff's Third Request for Production. Having gone through the specific requests at the hearing, it was made clear that Plaintiff's requests seek information regarding the rates Defendant paid other I.T. vendors, particularly Carmen Solutions (by or through Leading Edge, a related entity), for similar services initially provided by Ayassure; Plaintiff defends the discovery as relevant to proving its unjust enrichment claim, which alleges that Defendant received services from Ayassure at a below market rate.

Defendant opposes producing any more information or documents on two grounds. Primarily, Defendant opposes on relevance, as it has been discovered that all work performed by Ayassure for Defendant was done pursuant to mutually executed work orders at negotiated

rates; Defendant argues this negates Plaintiff's unjust enrichment claim. Moreover, Defendant has objected to producing anything, including witnesses for depositions, because Plaintiff's recent deposition testimony calls into question Plaintiff's standing to assert any claim of damage flowing from Defendant's relationship with Ayassure.

Notwithstanding Defendant's objections, the Court has previously recognized the relevance and discoverability of rates paid by Defendant to entities other than Plaintiff for comparable I.T. services. Defendant has already produced work orders revealing rates Defendant paid for services performed by former Ayassure employees, subsequently hired by Carmen Solutions, to evidence comparably paid rates for similar services. Plaintiff seeks information beyond these six employees and seeks a description of the nature of the work performed in order to evaluate the comparison of the rates paid.

Notwithstanding the prior finding that Plaintiff had shown the relevance of rates Defendant paid to other I.T. vendors to evidence that the rates paid to Ayassure were lower, Plaintiff's pursuit of the information through the Requests for Production at issue in the Motion to Compel vastly exceed that which is proportional to the needs of the case. Thus, the Court found the best way for Plaintiff to obtain the sought-after information was for Defendant to provide a supplemental answer to Interrogatory No. 1, which seeks employees' names, descriptions of services provided, and hourly rates paid by Defendant among other information (ECF No. 118-5 at 5). The Court orders that Defendant provide a supplemental response to Interrogatory No. 1 within seven days, which provides the requested information for the six former Ayassure employees for which work orders were previously provided, as well as for up to six other Carmen Solution employees who had similar skill levels and/or performed similar work on or before October 24, 2019.

As for Plaintiff's request to compel an answer to Interrogatory No. 2, Plaintiff's request

is denied. Plaintiff's request to compel documents in response to Plaintiff's Second Request for Production, Request No. 14, is also denied. Defendant's counsel has averred that all documents responsive to Request No. 14 have been produced, and the Court is satisfied with Defendant's counsel's explanation of the searches performed. Defendant's counsel further averred that the project management database was searched, and that all responsive documents were produced. Thus, Defendant's Response to Plaintiff's Second Request for Production, Request No. 17, is not deficient.

Finally, as to Defendant's objections to Plaintiff's Third Party Subpoenas, Defendant has since filed a Motion to Quash (ECF No. 129), which has been joined by Third Party Dixon Hughes (ECF No. 130). The Court will address the Third Party Subpoenas, and Defendant's Objections thereto, once Defendant's Motion to Quash is ripe for review.

**DONE** and **ORDERED** in Miami, Florida this 14th day of October, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE