UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.1:19-cv-24821-WILLIAMS/LOUIS

MARINE DEPOT INTERNATIONAL, INC.,

        Plaintiff,

vs.

JAMES RIVER GROUP, INC.,

        Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court upon Defendant James River Group, Inc.'s ("JRG") Discovery Motion Requesting Entry of a Protective Order and Limited Stay of Discovery (ECF No. 125). This Motion was addressed by the Court at the October 13, 2020 hearing, at which the Court *ore tenus* extended Plaintiff Marine Depot International Inc. ("MDI") time to file a response until the following day. As stated at the hearing, and acknowledged by Defendant, Defendant's Motion seeks a stay of all discovery, relief that is not within the undersigned's scope of referral, as it would affect the trial order and deadlines set by Judge Williams. Defendant sought only a ruling on its Motion for a protective order. Having reviewed the Motion, Plaintiff's response, the record and being otherwise duly advised in the premises, the Motion is **DENIED**.

    **I.**      **BACKGROUND**

This lawsuit stems from the alleged breach of a contract for JRG's failure to purchase an India-based IT service company called Ayassure from MDI (ECF No. 17). Plaintiff alleges that it agreed with JRG to create Ayassure, to provide IT services to JRG for a period of time, and then JRG would purchase Ayassure from Plaintiff for the price of $7.5million.

On September 10, 2020, Defendant took the deposition of Mr. Singh, the sole owner and proprietor of MDI, who admitted that he, not MDI, was also the sole owner and proprietor of Ayassure (ECF No. 125-1 at 15:3 – 18:1). After this deposition, Defendant continued to conduct discovery, including filing a motion to compel the production of additional documents with the Court (ECF No. 117), which was heard by the Court on October 2, 2020 (ECF No. 124). The following week, Defendant filed the instant Motion seeking a protective order that would allow it to avoid answering Plaintiff's recently propounded discovery requests, and avoid the seven depositions that are set to occur over the next few weeks. The Motion also seeks to avoid compliance with third party subpoenas served by Plaintiff, which are also the subject of Defendant's motion to quash (ECF No. 129). Essentially, Defendant seeks to avoid any and all remining discovery prior to the October 23rd deadline.

Defendant's Motion is predicated on Mr. Singh's testimony that Ayassure is owned by him, not Plaintiff MDO, and because MDI does not own Ayassure it has no standing to assert the claims of breach of contract or unjust enrichment alleged in the complaint (ECF No. 125 at 2). Defendant contends it should be relieved of the burden of answering Plaintiff's discovery requests until the Court resolves the standing issue. Defendant has yet to file any dispositive motion raising these issues, but avers in its motion that it anticipates such a filing on October 20, 2020.

**II.    DISCUSSION**

Under Federal Rule of Civil Procedure Rule 26(c)(1), "any person from whom discovery is sought may move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." For good cause, a court may issue a protective order providing a variety of remedies, such as precluding the discovery altogether or "specifying terms . . . for the disclosure of discovery." *Sun Capital Partners, Inc. v. Twin City Fire*

*Ins. Co.*, 303 F.R.D. 673, 676 (S.D. Fla. 2014), *aff'd sub nom*. *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co., Inc*., 2015 WL 11921411 (S.D. Fla. July 6, 2015) (citing Fed. R .Civ. P. 26(c)(1)(A)–(B)). The party seeking a protective order must demonstrate "good causefor the protection sought." *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co*., 593 F. Supp .2d 1273, 1277 (S.D. Fla. 2008) (internal quotations omitted). "Good cause has been defined as a sound basis or legitimate need to take judicial action." *Id.* (internal quotations omitted) (citing *In re Alexander Grant & Co. Litig*., 820 F.2d 352, 356 (11th Cir.1987)). "The party requesting a protective order must make a specific demonstration of facts in support of the request. A court must then balance the competing factors involved in determining whether good cause has been shown." *Id*.

Defendant has not shown good cause to grant a protective order over all remaining discovery. Defendant identifies no specific request that merits the proposed protection from participating in discovery, instead Defendant makes generalized objections that *all* Plaintiff's written discovery requests are "broad, vague, and unduly burdensome," that *all* of the third party subpoenas are "harassing" and "unduly burdensome" and that *all* of the scheduled depositions are "oppressive, unduly burdensome, and abusive" (ECF No. 125 at 2, 5). Because the Defendant makes no specific argument within this Motion to any particular discovery sought, the Court will not attempt to parse through the various categories of discovery in search of that which may indeed be objectionable on these asserted bases.[1]

Nor is the proposition that Defendant may be successful on a dispositive motion that has yet to be filed enough for the entry of a protective order, which would effectively end discovery by the Plaintiff in this case. *See Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc*., No. 16-CV-62175, 2016

---

[1] The finding that Defendant's generalized assertions in this Motion with respect to burden and overbreadth are insufficient to require relief under Fed. R. Civ. P. 26(c) is without prejudice to Defendant's ability to assert those objections under other Rules.

3

WL 6777896, at *2 (S.D. Fla. Nov. 16, 2016) (finding that without a dispositive motion before it, there is nothing for the court to take a "preliminary peek" at in order to determine if this case presents an "especially dubious" claim such that dismissal would avoid needless and extensive discovery) (citing *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)). No case cited by Defendant supports the proposition that evidence that casts doubt on a plaintiff's claims—even serious doubt—justifies an order precluding the plaintiff from completing its discovery.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defendant's Discovery Motion Requesting Entry of a Protective Order and Limited Stay of Discovery (ECF No. 125) is **DENIED**.

**DONE** and **ORDERED** in Miami, Florida this 16th day of October, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE