# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.1:19-cv-24821-CANNON/LOUIS

MARINE DEPOT INTERNATIONAL, INC.,

      Plaintiff,

vs.

JAMES RIVER GROUP, INC.,

      Defendant.

_____/

## ORDER ON DISCOVERY DISPUTES

**THIS MATTER** is before the Court upon Plaintiff Marine Depot International, Inc.'s Notice of Hearing on Discovery Disputes (ECF No. 164). A hearing was conducted on December 3, 2020, and the noticed disputes were disposed of in open court. This Order memorializes but does not modify the rulings made in open court.

Defendant is ordered to produce documents responsive to subsections (b), (c), and (d) of Request No. 1 of Plaintiff's Fifth Request for Production. However, the responsive documents to be produced are limited to the period of one year prior to Adarshvir Singh's termination. The Court finds that such documents may be relevant to the witness's motivation to falsely support his brother's claims on behalf of Plaintiff, and Defendant's intended impeachment of Mr. Singh on the basis of the circumstances of his termination. However, Plaintiff's request to compel the production of documents responsive to subsection (a) of Request No. 1 of Plaintiff's Fifth Request for Production is denied.

Defendant is further ordered to produce documents responsive to Request No. 2 of Plaintiff's Sixth Request for Production. Evidence that Defendant set aside a reserve to purchase

Ayassure would be relevant to intent and planning to purchase Ayassure as alleged.

Defendant must produce the above ordered documents on a rolling basis by no later than December 14, 2020.

Plaintiff's remaining requests to compel are denied, specifically, requests to compel the production of documents responsive to Request No. 5 of Plaintiff's Fifth Request for Production and Request Nos. 1 and 3 of Plaintiff's Sixth Request for Production. The relevance proffered for seeking the documents in these Requests is marginal, at best, and the burden of conducting the search anticipated to locate responsive documents vastly outweighs the need in this case. Accordingly, Defendant's objections to these Requests were sustained.

The Court further finds, pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii), that no award of fees is warranted. Defendant's objections to Plaintiff's requests were substantially justified, though overruled in part.

**DONE** and **ORDERED** in Miami, Florida this 4th day of December, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE