**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.1:19-cv-24821-CANNON/LOUIS

MARINE DEPOT INTERNATIONAL, INC.,

        Plaintiff,

vs.

JAMES RIVER GROUP, INC.,

        Defendant.

_____/

## **ORDER**

**THIS MATTER** is before the Court upon Defendant James River Group. Inc.'s Motion to File Documents Under Seal (ECF No. 176). Having reviewed the Motion, and being otherwise duly advised on the matter, the Court finds that the Motion should be **DENIED**, without prejudice.

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1311 (11th Cir. 2001). The common-law right of access includes the right to inspect and copy public records and documents. *Nixon v. Warner Comm., Inc*., 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). However, "the right to inspect and copy judicial records is not absolute." *Id*. Rather, the common-law right of access may be overcome by a showing of good cause, a standard that requires a court to balance the public's right of access against the party's interest in keeping information confidential. *Jankula v. Carnival Corp*., No. 18-CV-24670, 2019 WL 8051714, at *1 (S.D. Fla. July 30, 2019) (citing *Romero v. Drummond Co., Inc*., 480 F.3d 1234, 1246 (11th Cir. 2007)). The Eleventh Circuit has further recognizes that documents collected through discovery are not to be considered "judicial

records"; "while a party may enjoy the right of access to pleadings, docket entries, orders, affidavits or depositions duly filed, the common-law right of access does not extend to information collected through discovery which is not a matter of public record." *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. 17-80305-CV, 2018 WL 1175254, at *4 (S.D. Fla. Mar. 5, 2018) (citations omitted).

In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests; (2) the degree of and likelihood of injury if made public; (3) the reliability of the information; (4) whether there will be an opportunity to respond to the information; (5) whether the information concerns public officials or public concerns; and (6) the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246. Importantly, "the presumption of public access is much stronger with regard to dispositive documents that relate to the merits of the case." *Id*. at 1245-6.

Here, Defendant has failed to show good cause to allow the requested documents to be filed under seal. In fact, Defendant has failed to give any reason why these requested documents should be filed under seal beyond stating these documents were deemed confidential pursuant to this Court's Order Approving Stipulated Confidentiality and Protective Order Regarding the Exchange and Use of Confidential Information (DE 45). Federal Rule of Civil Procedure 26 permits courts, upon motion of either party, to enter a protective order that requires a trade secret, confidential research, or commercial information to remain confidential or to be revealed only in a specific manner through the course of the litigation. *See* Fed. R. Civ. P. 26(c)(1)(G). However, it does not eliminate a party's burden to show good cause to overcome the common-law right of access if that party chooses to file such confidential information on the record as part as a pre-trial motion requiring judicial resolution of the merits. *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. 17-80305-CV, 2018 WL 1175254, at *4 (S.D. Fla. Mar. 5, 2018); *In re Denture Cream Prod. Liab.*

*Litig.*, No. 09-2051-MD, 2013 WL 214672, at *6 (S.D. Fla. Jan. 18, 2013). Thus, before Defendant

may file the requested documents under seal, it must show good cause to do so.

    **DONE** and **ORDERED** in Miami, Florida this 17th day of December, 2020.

                    _____

                    LAUREN F. LOUIS
                    UNITED STATES MAGISTRATE JUDGE