# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-24821-CANNON/LOUIS

MARINE DEPOT,
INTERNATIONAL, INC.,

    Plaintiff,

v

JAMES RIVER GROUP, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR SANCTIONS

**THIS MATTER** comes before the Court on Defendant James River Group, Inc.'s ("James River") Motion for Sanctions and Dismissal (ECF No. 75) to which Plaintiff Marine Depot International, Inc. ("MDI") responded in opposition (ECF No. 87) and Defendant replied (ECF No. 94). This Matter has been referred to the undersigned by the Honorable Aileen Cannon, United States District Court Judge (ECF No. 174).[1] A hearing was held on the Motion on August 28, 2020. Having reviewed the Motion, the evidence provided at the hearing, the record and being otherwise duly advised in the matter, the undersigned hereby finds that the Motion should be **GRANTED, in part** as follows.

## I.  BACKGROUND

This lawsuit stems from the alleged breach of a contract for James River's failure to purchase an India-based IT service company called Ayassure, which was established by Plaintiff

---

[1] This Motion was initially referred to the undersigned by the Honorable Kathleen M. Williams, United States District Court Judge, for a report and recommendation (ECF No. 76); upon reassignment, Judge Cannon has referred all pretrial dispositive and non-dispositive matters for all necessary and proper actions as required by law. Because the relief granted herein is not dispositive, and arises from violations of discovery obligations and orders, an order is appropriate to dispose of the Motion.

1

at the behest of, and run jointly with, Defendant (ECF No.17). Since the filing of this lawsuit, the Parties have appeared before the undersigned nine times regarding various discovery disputes (ECF Nos. 52; 70; 73; 81; 83; 102; 124; 134; 168).[2] At these hearings, the undersigned has largely found that Plaintiff has failed to comply with the rules of discovery and/or with her previous discovery orders (*id.*). These discovery violations included Plaintiff's unjustified and untimely cancelation of a deposition (ECF No. 70), failure to produce documents in a useable format (ECF No. 81), and Federal Rule of Civil Procedure Rule 26 violations regarding its expert disclosure (ECF No. 83), among other issues. As a result of these failures, Plaintiff has already twice been ordered to pay fees to Defendant pursuant to Federal Rule of Civil Procedure Rule 37(a)(5)(A) (ECF Nos. 70; 83).

The hearing held on August 28, 2020, addressed Defendant's Motion for Sanctions (ECF No. 75), which seeks dismissal of Plaintiff's Complaint based on three categories of discovery violations: (1) that Plaintiff's initial disclosures failed to properly identify specific monetary amounts for each damage category and failed to identify any materials from which the computations were derived; (2) that Plaintiff has failed to search for and produce relevant documents stored on Plaintiff's computers and servers in violation of its discovery obligation; and (3) that Plaintiff failed to organize and label the first 50 documents produced with bates numbers to correspond to the categories in the request for production, as required for they were not produced in manner kept in the normal course of business. At the August 28th hearing, Defendant also raised an additional discovery issue related to the production of corrupted WhatsApp message files.

At the time of the hearing, the issue regarding the first 50 documents produced had already been resolved. The Court addressed the remaining issues and ordered that Plaintiff amend its initial

---

[2] Three of these discovery hearings were held subsequent to the hearing on this Motion.

disclosures to comply with Federal Rule of Civil Procedure Rule 26, and produce a log that would allow Defendant to identify by bates number the uncorrupted version of each WhatsApp message that was also produced as a corrupted file, by no later than September 2, 2020 (ECF No. 102). As to the sought-after sanctions, the undersigned grants the Motion in part as follows.

## II.   DISCUSSION

Federal Rule of Civil Procedure Rule 37 governs a party's failures to make disclosures or participate in discovery, and the imposition of sanctions related to discovery violations. Specifically, Rule 37(b) provides courts with the authority to impose sanctions for a party's failure to comply with a court order to permit or provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2) authorizes the following sanctions orders:

   i.   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
   ii.  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
   iii. striking pleadings in whole or in part;
   iv.  staying further proceedings until the order is obeyed;
   v.   dismissing the action or proceeding in whole or in part;
   vi.  rendering a default judgment against the disobedient party; or
   vii. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* While sanctions pursuant to Rule 37(b) may include the striking of pleadings or rendering a default judgment against the disobedient party, such sanctions should not be imposed if a lesser sanction would adequately ensure compliance with future court orders. *Allstate Ins. Co. v. Palterovich*, No. 04-21402-CIV, 2008 WL 2741119, at *1 (S.D. Fla. Jul. 12, 2008) (citing *Immuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001)).

### i.   Dismissal

As explained at the August 28th hearing, the violations about which Defendant complains do not warrant the sanction of dismissal. "While Federal Rule of Civil Procedure Rule

37(b)(2)(A)(v) permits the district court to dismiss an action in whole or in part against a party who fails to comply with court orders regarding discovery, in imposing that sanction, the district court must make a finding of willful or bad faith failure to comply with court orders." *Aranda v. Pashkevich*, No. 11-60492-CIV, 2012 WL 12859817, at *1 (S.D. Fla. Feb. 22, 2012); *see also Jenkins v. Sec. Engineers, Inc.*, 798 F. App'x 362, 369 n.5 (11th Cir. 2019) ("A district court may dismiss a case for abuse of the discovery process only when (1) a party has willfully or with bad faith failed to obey a discovery order, and (2) less drastic sanctions would not ensure compliance with the court's orders.") (citing *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). While there has been an ongoing pattern of discovery issues and violations, the undersigned does not find that Plaintiff has acted in bad faith or with willful intent. Thus, Defendant's request for Dismissal is **DENIED**. However, the undersigned finds the imposition of lesser sanctions to be appropriate.

      **ii.**      **Plaintiff's Initial Disclosures**

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iii), a party must provide as part of its initial disclosure "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." By its very definition, the disclosure required by the Rule is one that is capable of computation.

Plaintiff filed its initial disclosures on January 6, 2020, listing the following in lieu of a computation of each category of damages: "1. All damages resulting from James River's refusal to purchase Ayassure, including damages in the amount of the capital, resources, labor, expenditures contributed by MDI to Ayassure, as well as its the lost opportunities foregone by

MDI to establish Ayassure, and the lost profits from the sale that never happened; 2. Pre-judgment and post-judgment interests; and 3. Any other damages to which MDI is entitled." Failing to assign any value or calculation of damages to each category, Defendant first raised issue with Plaintiff's initial disclosures in its notice of a June 25, 2020 discovery hearing (ECF No. 50). Following that June 25th hearing, the Court ordered Plaintiff to amend its initial disclosures to include specific monetary amounts (ECF No. 52, ¶ 3).

On July 2, 2020, Plaintiff provided amended initial disclosures broadly claiming "1. All damages resulting from James River's refusal to purchase Ayassure, including: (a) Damages in the amount of $7.5 million as agreed between the parties for the purchase of Ayassure; (b) Damages in excess of $4 million for unjust enrichment; (c) Damages resulting from the capital, resources, labor, expenditures contributed by MDI to Ayassure, as well as its the lost opportunities foregone by MDI to establish Ayassure, and the lost profits from the sale that never happened; 2. Pre-judgment and post-judgment interests; and 3. Any other damages to which MDI is entitled." Plaintiff again failed to comply with Rule 26(a)(1)(A)(iii), and the Court's Order, for it failed to provide a monetary amount for the damages claimed in section 1(c), and provided no basis for the computation of the amount demanded in section 1(b) for unjust enrichment. Moreover, Plaintiff failed to provide or identify any materials on which their computations were based. Thus, at the July 23, 2020 hearing, the Court again ordered, *ore tenus*, Plaintiff to amend its initial disclosures.

The second amended initial disclosures, dated August 11, 2020, still failed to provide a monetary value for the damages resulting from "the capital, resources, labor, expenditures contributed by MDI to Ayassure, as well as its the lost opportunities foregone by MDI to establish Ayassure, and the lost profits from the sale that never happened" and again failed to provide any substantiated basis for the computation for the monetary amount claimed for unjust enrichment.

For a third time, Defendant brought this deficiency before the Court in its Motion for Sanctions.

At the August 28th hearing, Plaintiff (through counsel) conceded that it has no intention of advancing a damages theory resulting from "the capital, resources, labor, expenditures contributed by MDI to Ayassure, as well as its the lost opportunities foregone by MDI to establish Ayassure, and the lost profits from the sale that never happened." Yet Plaintiff's counsel attempted to defend its disclosures, with respect to damages claimed, as not inaccurate.

"Rule 26(a)'s purposes are to allow for adequate case preparation and foreclose unfair surprises . . . The initial disclosure requirement should be applied with common sense keeping in mind the salutary purposes that the rule is intended to accomplish." *Sec. & Exch. Comm'n v. Montano*, No. 618CV1606ORL31GJK, 2019 WL 2254946, at *2 (M.D. Fla. Mar. 5, 2019) (citations omitted). If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A).

Rule 37(c) also permits sanctions for failing to adequately disclose witnesses or to supplement initial disclosures without a court order. *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.*, No. 10-24310-CIV, 2011 WL 6190160, at *6 n.3 (S.D. Fla. Dec. 2, 2011). Plaintiff indisputably failed to supplement its disclosures without court order, and counsel's failure to appreciate or acknowledge that failure was troubling. Nonetheless, the failure sounds in neglect, not willfulness, and a lesser sanction is available to deter the conduct and cure the prejudice to Defendant. Plaintiff will be precluded from introducing at trial any evidence of damages not specifically described in its second amended disclosures and for which Plaintiff has failed to produce evidentiary support. *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-CIV, 2018 WL 2432109, at *11 (S.D. Fla. May 30, 2018).

Moreover, because Defendant has had to bring this issue before the Court no less than three

times in an attempt to obtain initial disclosures that comply with Rule 26, Defendant will be compensated for the fees incurred in doing so.

### iii. Plaintiff's Servers

Defendant avers that Plaintiff failed to search its computers and servers for responsive documents, and that this failure is a blatant violation of Plaintiff's ESI discovery obligation. Defendant primarily supports this argument with the absence of documents that Defendant contends should exist, but which have not been produced. For example, Defendant argues that if Plaintiff anticipated imminent purchase of the contested business by Defendant, as alleged, there should be some communication and/or business plans contemplating such a sale, yet none have materialized. Plaintiff insists—and presented two witness to testify at the sanctions hearing—that all relevant documents created by the principle actors were saved on web-based applications, namely email accounts, and documents from these email accounts were collected for production to Defendant. Likewise, Plaintiff avers that all Ayassure documents were required to be saved on web-based applications per Defendant's own policy. Thus, Plaintiff contends they have no reason to believe any non-duplicative responsive documents reside on Plaintiff's computers and servers and, in turn, its decision not to search them does not violate its ESI discovery obligation.

Plaintiff has an obligation under Federal Rule of Civil Procedure Rule 34 to either provide all documents responsive to Defendant's request, or to object to providing certain documents Plaintiff intends to withhold. However, Rule 34 is silent as to how a party must locate these responsive documents, and the measures a party must take in conducting its search. Nor has any case law been brought to the Court's attention that would require Plaintiff to search a location that it has no reason to believe responsive documents would be located. This Court recognizes the "enormous burden and expense of electronic discovery." *Finnerty v. Stiefel Labs., Inc.*, 900 F.

Supp. 2d 1317, 1321 (S.D. Fla. 2012). Thus, as expressed at the August 28th hearing, the Court will not require Plaintiff to conduct additional discovery where Defendant has not provided any factual basis for its belief that the additional search of Plaintiff's server is necessary, or to rebut Plaintiff's sworn testimony that there are no relevant, non-duplicative documents stored there. For this same reason, the Court finds sanctions are not appropriate based on this alleged issue at this time.

   **iv.**  **Attorney's Fees**

After the hearing, Defendant was instructed to submit evidence on the issue of fees incurred in pursuit of the Motion for Sanctions. In total, defense counsel verified a total of 67.4 hours of his time incurred in the drafting of the Motion, reply, preparation for and attendance at the hearing on the Motion. At an hourly rate of $290.00, Defendant seeks sanctions in the amount of $19,546.00. Plaintiff opposes any award, arguing that Defendant failed to seek fees as a sanction, and because dismissal was denied, Defendant lost the Motion and is entitled to no fee shifting under Rule 37(a)(5)(A). Plaintiff further argues that Defendant failed to confer about the initial disclosures before bringing the third deficient disclosures to the Court's attention, and moreover that Defendant's counsel was not prejudiced by the deficient disclosures because Plaintiff's damages expert had since given his opinion, which does not include a calculation for the contested categories of loss. Finally, Plaintiff challenges the amount of fees sought as unreasonable, but without specifically challenging any particular time entry or the hourly rate; and urges the Court to withhold an order of sanctions against Plaintiff because it cannot afford to pay them.

Plaintiff's objections are not well placed. Defendant's demand for fees was in tandem with its request for dismissal, and the Court's authority to award fees as a sanction draws not from Defendant's success on the Motion but Plaintiff's violation of a Court Order. Moreover, I find an

award of sanctions in the form of attorney's fees appropriate here because until the Motion was heard, Plaintiff's discovery violations ran rampant; even at the hearing, *another* deficiency was raised and though not considered for purposes of awarding sanctions, Plaintiff was ordered to correct yet another deficient production. In short, Plaintiff's persistent failure to meet its discovery obligations necessitated Defendant's pursuit of the present Motion, and the fees reasonably incurred in its prosecution should be borne by the offending party. And though Plaintiff's objections to the reasonableness of the amount of fees sought are too general for the Court to meaningfully entertain, the undersigned has conducted her own examination of counsel's time diaries, and makes the following findings.

I find defense counsel's hourly rate to be reasonable in this market for an attorney of similar skill and experience in a comparable case, and will base this award on his rate of $290.00 per hour. Counsel's time may be broken into the following categories of tasks: drafting the motion; reviewing the Plaintiff's response; preparing a reply; preparing for the hearing and attending the hearing. The time incurred by defense counsel is proportional to the gravity of the ask, that is, his time is reflective of pursuing a motion that seeks dismissal of the action. Considering the very settled law in this Circuit that "dismissal is justified only in extreme circumstances and as a last resort," *Wouters v. Martin Cty., Fla.*, 9 F.3d 924, 933 (11th Cir. 1993), dismissal was an unreasonable expectation here. And similarly, the time incurred exceeded that which was reasonable under the circumstances.

Having scrutinized defense counsel's time diaries and being otherwise familiar with this case, I find that Plaintiff be sanctioned in an amount of $9,715.00. This total is based on 8 hours of time for drafting the Motion and reply (each); 4.5 hours of attending the evidentiary hearing; 1 hour spent in conferral with Plaintiff's counsel over admissibility of exhibits; and 12 hours of

9

hearing preparation, for a total of 33.5 hours of counsel's time.

In making this finding, I have afforded little consideration to Plaintiff's unsubstantiated averment that it lacks the ability to pay any award. Plaintiff's repeated discovery deficiencies and indeed violation of this Court's Order have unnecessarily increased the cost of discovery in this dispute and as noted above, necessitated the pursuit of this Sanctions Motion. Finally, I will note that following the hearing on the Motion, discovery disputes raised in this case focused on the merits, not the procedural deficiency of Plaintiff, further supporting my conclusion that the Motion was necessitated by Plaintiff's own misconduct. For all the reasons stated, I order an award of sanctions to Defendant in the amount of $9,715.00.

### III. CONCLUSION

For the forgoing reasons, the undersigned hereby orders that Defendant's Motion for Sanctions and Dismissal be **GRANTED, in part**, and that Defendant be awarded, as sanctions, fees in the amount of $9,715.00, and that Plaintiff be required to satisfy that award within 14 days of this Order.

**DONE** and **ORDERED** in Chambers at Miami, Florida this 30th day of December, 2020.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**